UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANTHONY L. JERDINE, | ) CASE NO. 1:07CV3193 |
| Petitioner, | ) |
| vs. | ) JUDGE DAVID D. DOWD, JR. |
| GREG JOHNSON, et al., | ) |
| Respondents. | ) MEMORANDUM OPINION |

Pro se petitioner Anthony L. Jerdine filed the above-captioned petition on October 17, 2007, seeking habeas relief pursuant to 28 U.S.C. § 2241. Mr. Jerdine named as respondents the United States Pretrial Services Chief Greg Johnson, Art Bowker, Acting Attorney General Peter D. Keisler and United States Attorney Greg White. Mr. Jerdine seeks an order declaring Public Law 80-772 unconstitutional and void ab initio.

*Background*

In his petition before this court, Mr. Jerdine argues that:

> [the] federal district court which rendered judgement and ordered commitment of this Petitioner, under Section 3231,

> lacked jurisdiction and, therefore, the judgment and commitment order is *void ab initio*. To imprison and detain a Petitioner and cause him future harm under a void judgment and commitment order is unconstitutional and unlawful. Therefore, Petitioner must be discharged from any present illegal incarceration and his judgment must be declared void immediately to prevent future harm.

(Pet. at 1.) The court presumes petitioner is referring to a Judgment and Commitment ("J&C") that accompanied a Transfer of Jurisdiction order filed in this court. United States v. Jerdine, No. 1:07cr0404 (N.D. Ohio July 23, 2007).[1]  This J&C indicates that Mr. Jerdine pleaded guilty in the Southern District Court of Florida to conspiracy to commit offenses against the United States and to transport stolen property in interstate commerce in violation 18 U.S.C. § 371.  He was sentenced on December 15, 2005 to 22 months in prison, followed by three years of supervised release.  See United States v. Jerdine, No. 1:05cr20231 (S.D. Fl. Mar. 29, 2005).  The transfer order brought the supervision of Mr. Jerdine's releasee status within the jurisdiction of this court, because he now resides within the purview of the Northern District of Ohio.

*28 U.S.C. § 2241[2]*

---

[1] On June 4, 2007, United States District Court Judge Alan Gold of the Southern District Court of Florida issued an order transferring the jurisdiction of supervised releasee Anthony Jerdine to the Northern District Court of Ohio pursuant to 18 U.S.C. §3605.  Ten days later, Judge Christopher J. Boyko accepted and assumed jurisdiction over Mr. Jerdine on behalf of the Northern District of Ohio.  The Order of Transfer of Jurisdiction was filed in this court on July 23, 2007 and assigned to the undersigned.  See United States v. Jerdine, No. 1:07cr0404 (N.D. Ohio filed July 23, 2007).  Copies of an indictment filed against petitioner in 2005 by the United States District Court for the Southern District Court of Florida and the court's subsequent judgment accompanied the transfer order.  See United States v. Jerdine, No.1:05cr20252 (S.D. Fl. Mar. 29, 2005).  The case was referred to Magistrate Judge George Limbert on October 16, 2007 for a Report and Recommendation regarding the potential revocation of Mr. Jerdine's supervised release.

[2] Section 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [the petitioner.]" Atkins

*Savings Clause*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979).  A prisoner's exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255. See In re: Lipscomb, 408 F.2d 1003, 1004 (6th Cir.), cert. denied, 396 U.S. 993 (1969).   Specifically, § 2255 prohibits a district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; Lipscomb, 408 F.2d at 1004.  A prisoner's "[f]ailure to obtain relief under [§]2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams v.  United States, 323 F.2d 672, 673 (10th Cir. 1963).

Under highly exceptional circumstances a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255 (last clause in fifth paragraph); Charles v. Chandler, 180 F.3d 753, 755-56 (6th

---

v. Michigan, 644 F.2d 543, 546 n. 1 (6th Cir.1981).  Although a judgment has not been issued regarding the potential revocation of Mr. Jerdine's supervised release, the essence of his complaint does not attack the charges pending against him, but the conviction upon which his status as a supervised releasee rests.  Therefore, this is a case wherein the petitioner is seeking to attack his underlying conviction through § 2241 by circumventing § 2255.

Cir.1999). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. See Id., at 756.

There is no allegation in Mr. Jerdine's petition that he is either innocent or is otherwise entitled to utilize the safety valve provision of § 2255. First, he does not cite to an intervening change in the law which reflects that he may be actually innocent of the crimes to which he pleaded guilty. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, see Davenport, 147 F.3d at 611; Triestman, 124 F.3d at 378-80; Dorsainvil, 119 F.3d at 251, Mr. Jerdine had the opportunity to assert these claims in Florida. Second, it is unclear whether and to what extent someone like Mr. Jerdine can show actual innocence in relation to a claim that only challenges the scope of the federal government's authority to charge any citizen with a federal crime. See Wofford v. Scott, 177 F.3d 1236, 1244-45 (11th Cir.1999); Keith v. Snyder, No. 01-6285, 2002 WL 1316398 (6th Cir. 2002). The issue is not dispositive, however, because Mr. Jerdine does not rely on any intervening Supreme Court decision for relief. See id.

Finally, petitioner's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles, 180 F.3d at 756. Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see Dorsainvil, 119 F.3d at 251 (3d Cir.1997), Tripati, 843 F.2d at 1162, or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been

denied permission to file a second or successive motion to vacate. See Davenport, 147 F.3d at 608. Further, the remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. See Charles, 180 F.3d at 758.

Accordingly, the petition for writ of habeas corpus is denied and this action is dismissed pursuant to 28 U.S.C. § 2243, but without prejudice as to any § 2255 petitioner seeks to file in the Southern District Court of Florida.³ **The Clerk is instructed to stop accepting or docketing any additional pleadings, notices, forms or other documents filed by Mr. Jerdine and any such documents should be returned to him unfiled.** Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/David D. Dowd, Jr.  10/31/2007

DAVID D. DOWD, JR.
UNITED STATES DISTRICT JUDGE

---

³ In In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to pro se litigants in particular, '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.